PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACK WALTON, | ) | |
| | ) | CASE NO. 3:09cv2869 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF No. 20] |

This action is before the Court upon the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) filed by Marcia W. Margolius, counsel for Plaintiff.  ECF No. 20.  Margolius moves the Court for an order authorizing payment of a fee in the amount of $4,427.50.  ECF No. 20 at 1. Defendant, in response, does not oppose Margolius' motion.  ECF No. 21.  The Court has been advised, having reviewed the record, Margolius' brief and the applicable law.  For the reasons that follow, the Court grants the motion and awards fees for the requested amount of $4,427.50.

42 U.S.C. § 406(b)(1)(A) states,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

A court "begin[s] by using twenty-five percent of the past due benefits as a benchmark."

*Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  Next, a court considers whether a fee agreement has been executed by the plaintiff— "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily

(3:09cv2869)

accorded a rebuttable presumption." *Id.*  When there is a twenty-five percent fee agreement between attorney and plaintiff, generally the only cause for deductions are a showing of incompetence or ineffectiveness, or where plaintiff's counsel would enjoy a windfall.  *Id.*  "[A] windfall can never occur when . . . the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."  *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 422 (6th Cir. 1990).

In the instant case, Margolius submits the Social Security Administration Notice of Award awarding Plaintiff disability benefits, and her fee arrangement with Plaintiff which sets forth a twenty-five percent fee.  ECF Nos. 20-1; 20-2.  Margolius further submits that she was not incompetent or ineffective.  ECF No. 20 at 2.  In support of her argument that the requested award would not constitute a windfall, Margolius submits documentation that she spent 12.65 hours in representing Plaintiff in the instant case (ECF No. 20 at 8-9), which compensates her at a rate of $350 per hour.  ECF No. 20 at 1.

Courts in this district have previously found that a $350 per-hour rate is not excessive in awarding fees pursuant to 406(b).[1]  *See Koprowski v. Comm'r of Soc. Sec*, 2013 WL 29804, at *2-3 (N.D. Ohio Jan 2, 2013); *Brown v. Comm'r of Soc. Sec*., 2012 WL 6682112, at *3 (N.D. Ohio Dec. 21, 2012); *Godfrey v. Astrue*, 2012 WL 3715883, at *1 (N.D. Ohio Apr. 27 2012); *Arnold v. Astrue*, 2011 WL 307969, at *2 (N.D. Ohio Jan. 11, 2011).  Accordingly, the Court

---

[1]  The $350 per hour figure represents twice the reasonable hourly rate of $175.  *See e.g. Hayes,* 923 F.2d at 422; *Koprowski*, 2013 WL 29804, at *2.

2

(3:09cv2869)

finds that an hourly rate of $350 in the instant case is not excessive, and grants Margolius'

motion for attorney fees in the amount of $4,427.50.


     IT IS SO ORDERED.


  April 29, 2013                             */s/ Benita Y. Pearson*         
Date                                         Benita Y. Pearson
                                            United States District Judge